**Opinion filed April 10, 2025**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-24-00299-CV

_____

## IN THE INTEREST OF B.H. AND D.V., CHILDREN

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E-23-053-PC**

## M E M O R A N D U M   O P I N I O N

Appellant-Mother appeals the trial court's order terminating her parental rights to her children, B.H. and D.V.[1]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2024).  The alleged and unknown fathers whose parental rights were terminated did not appeal the trial court's order.  We affirm the order of termination.

The evidence presented at the final termination hearing showed that the Department of Family and Protective Services (the Department) received a report in December 2023 that Appellant was using drugs, and physically and medically

_____

[1]We use initials to refer to the children.  TEX. R. APP. P. 9.8(b).

neglecting B.H. and D.V. At that time, B.H. was seventeen months old, and D.V. was not yet six months old. Appellant had a history with the Department prompted by similar reports of "instability, drug use, and neglectful supervision of her children." The children were removed on December 19, 2023 after Appellant tested positive for methamphetamines and amphetamines, lied about her lack of stable housing, and continued missing her daughters' medical appointments.

The Department caseworker testified that Appellant failed to comply with several provisions of her court-ordered service plan. For instance, Appellant refused to submit to all but two of her required monthly drug screens, one of which was positive for cocaine. And because Appellant only attended two parent-child visits in "the beginning of the case," she had not seen her daughters in at least eight months by the time of the final hearing. Appellant admitted during her testimony that she "just stopped calling" her caseworker after she "failed one drug test," refused to submit to drug testing once because she "got upset," and "just gave up" on visiting her children. Appellant acknowledged that B.H. tested positive for methamphetamines at birth, and D.V. was born positive for marihuana. She then admitted to using methamphetamine in February 2024 while the underlying termination suit was pending.

The trial court found by clear and convincing evidence that Appellant endangered the children as set forth in Sections 161.001(b)(1)(D) and (E), constructively abandoned the children pursuant to Section 161.001(b)(1)(N), and failed to comply with the provisions of her court-ordered service plan under Section 161.001(b)(1)(O). *See* FAM. § 161.001(b)(1)(D), (E), (N), (O). The trial court further found that termination was in the children's best interest, and issued its

2

order terminating Appellant's parental rights to B.H. and D.V. *See id.* § 161.001(b)(2).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law, and concludes that there are no arguable issues to present on appeal. Counsel certified to this court that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to his motion to withdraw, and to file a pro se brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders, Schulman, and Kelly. See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit.

However, in light of the Texas Supreme Court's holding in *In re P.M.*, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.* at 27–28.

In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.


W. BRUCE WILLIAMS
JUSTICE


April 10, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.